The State *v.* Hardwick.

THE STATE *v.* HARDWICK.

If the facts be stated as to time or place with repugnancy or uncertainty, the indict · ment will be bad.   (Note *a.*)

ERROR from the Ray Circuit Court.

WASH, J., delivered the opinion of the Court.

This was an indictment in the Ray Circuit Court, for selling goods, wares and merchandise without license, to which the defendant plead not guilty, and on which, at the November term of said Court, 1829, he was convicted.   A motion in arrest of judgment was made and overruled, and judgment given for the State; to reverse which the present writ of error is prosecuted.

(227)   The indictment charges the offence in the following words : " Ray county to wit : The Grand Jurors of the State of Missouri, for the body of the county of Ray, upon their oath present, that Thomas Hardwick, late of said county, on the first day of November, eighteen hundred and twenty-eight, at the county of Ray aforesaid, with force and arms did deal in the selling of goods, wares and mercandise not the growth, produce or manufacture of this State, at a place occupied for that purpose within said county, without having first applied for and obtained a license for that purpose, agreeably to the provisions of an act of the General Assembly of the said State, entitled " An act imposing a tax on licenses to venders of merchandise

The State v. Hardwick.

and pedlers, approved February 19th, 1825;" the said Thomas Hardwick not re-garding his duty in that particular, but intending to evade the said statute, and unlawfully to defraud the revenue of the said State, did then and there sell to one John Riffle, Sen'r, of the county aforesaid, five yards of cassinett of the value of one dollar per yard; and did then and there sell to one John Riffle, Jun'r, five yards of cassinett of the value of one dollar per yard;. and to John Stanley one pound of cof-fee; and also then and there did sell to divers other citizens of said State, divers other quantities of cassinett, coffee and muslin, and other goods to persons to the ju-rors aforesaid unknown, without having obtained a license as aforesaid," concluding, against the statute. The reasons urged in arrest of judgment in the Court below, and relied on in this Court, are :

First. That it is not shown in the indictment that the defendant had not a license continuing in force.

Second. That in the allegation that the goods sold, &c., the word and is put in place of or in the statute.

Third. That the first averment after the figures 1825, is not shown to be upon the oath of the grand jury.

Fourth. There is no venue laid to the averment of no license.

Fifth. There is no time laid to the place occupied for selling, &c.

Sixth. There is no venue after the words "force and arms."

Seventh. That the offence is not an indictable offence.

Eighth. The indictment is repugnant and uncertain as to time and place.

As to the first point, it is sufficiently averred that the defendant had obtained no license, and there could be no continaance of what had not commenced.

There is no force in the second objection; the statute is in the disjunctive, and (228) would punish the selling of either. The indictment charges that he dealt in selling all the articles prohibited, and cannot prejudice the defendant.

As to the third, fourth, fifth and sixth reasons urged, it may be answered that the. nicety in pleading which requires the words omitted to be cautiously inserted to every material allegation, is not so strictly observed in indictments for inferior offences, as in cases where the life of the prisoner is in danger: 1 vol. Chit. Crim. Law, p. 222, with this further answer as to the fourth reason, that as to a mere omission or non-feasance, no venue need be laid.

As to the seventh point, since the act approved January 22d, and in force the 1st of March, 1829, to amend the act imposing a tax on licenses to venders of merchan-dise and pedlers, it is very clear that the offence charged is punishable by indictment.

On the eigth point the law is with the appellant. If the facts be stated as to time or place with repugnancy or uncertainty, the indictment will be bad; and if two times or places have been previous mentioned, and afterwards a fact is only laid, "then and there," the indictment is defective because it is uncertain to which it re-fers: Chit. Crim. L. And when a transitory act or matter of indictment is described as having happened at a different county or time, the proper venue of the indictment must be added, or the indictment will be bad. And when two counties are men-tioned, as Surry in the margin, and then a fact is described as having happened in Middlesex, and afterwards the offence is stated to have been committed "at the county aforesaid," without showing which county is intended, the indictment will be had. The case of the King v. the inhabitants of Moor Critchell, in 2 East. 66, is.

directly in point. The judgment of the Circuit Court is therefore erroneous, and must be reversed with costs.

M'GIRK, C. J., dissenting.

I concur in this opinion except as to the eighth point.

(a.) See Jane v. The State, 3 Mo. R., 63.